IN THE UNITED STATES DISTRICT

COURT FOR THE EASTERN DISTRICT

OF TEXAS TYLER DIVISION

| | |
|---|---|
| HUBERT SEATON § | |
| v. § | CIVIL ACTION NO. 6:17-cv-36 |
| DIRECTOR, SMITH COUNTY PROBATION § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Hubert Seaton, proceeding *pro se*, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 complaining of the legality of a municipal court conviction. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) & (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Magistrate Judge issued a Report that noted that Mr. Seaton failed to show that he was "in custody" when he filed the petition, as required for habeas corpus jurisdiction, and recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. Mr. Seaton filed objections.

Upon considering the objections in light of a de novo review of the entire record, this court concludes that Mr. Seaton failed to show he exhausted his State remedies. Nor has he shown that he was in custody when he filed his petition or that a significant limit on his liberty has been imposed. Mr. Seaton's objections are overruled and, as recommended by the Magistrate Judge, the application for writ of habeas corpus is dismissed without prejudice.

**I.   Mr. Seaton's Petition for Writ of Habeas Corpus**

Mr. Seaton used a standard federal form to file his petition pro se. Mr. Seaton complained of a municipal court conviction for what he describes as "an illegal dog vaccination ticket." (Doc. # 1 at 6-7). He stated that he pleaded not guilty in "Tyler Municipal Court, Judge Richard B. Patterson" and had a jury trial. (Doc. #1 at 2-3). Mr. Seaton stated that he appealed his conviction

1

in the "Municipal and District" courts, but received no relief. (Doc. #1 at 3). He asserted that "there has been no final judgment in this matter, the record will reflect this." (Doc. #1 at 9).

In his petition, Mr. Seaton stated the following grounds for relief: 1) an illegal trial was conducted in Tyler Municipal Court because the dog was only 3 months of age and the State had no legal jurisdiction until the dog was 4 months of age; 2) the State presented no evidence that the he owned the dog; 3) the jury ignored the jury instructions and presumed him guilty; 4) the judge and prosecution tried him knowing they had no proof he owned the dog or that the dog was four month of age; 5) the prosecutor suborned perjury from the animal control officer; and (6) the State court failed to inform him where to file an appeal and issued an illegal failure to appear arrest warrant. (Doc. # 1 at 6-7).

## II. The Report of the Magistrate Judge and the Petitioner's Objections

After reviewing the pleadings, the Magistrate Judge issued a Report and Recommendation and noted that Mr. Seaton had failed to establish that he was in custody or subject to significant restriction upon his liberty when the petition for writ of habeas corpus was filed. (Doc. #8). The Magistrate Judge further recommended that the petition be dismissed without prejudice for failure to exhaust state remedies.

Mr. Seaton responded by filing a letter in which he stated, "I hereby appeal the decision of the Magistrate Court." (Doc. # 10). As Mr. Seaton is appearing pro se, this court will deem this "appeal" to be a timely objection to the Report and Recommendation. In paragraph 2 of the letter, Mr. Seaton stated the following, which the court considers as his objection: "The court has erred. All state remedies have been exhausted. Look at the Plea Deal as the Plaintiff informed the court earlier. You have overlooked the facts in this case. There are no State Remedies available."

## III. Discussion

### a. Mr. Seaton Failed to Establish Jurisdiction

In his objections, Mr. Seaton does not address the Magistrate Judge's statement that the court lacks jurisdiction. The proponent of federal court jurisdiction has the burden of establishing it. *Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). In order for a federal

court to have jurisdiction in a habeas case, the petitioner must be in custody when he files his petition. *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). This is because the sole purpose of habeas corpus is to grant relief from unlawful imprisonment or custody. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Physical custody is not always required, but there must at least be some significant restriction upon liberty. *See Jones v. Cunningham*, 371 U.S. 236, 240, 83 S. Ct. 373, 9 L.Ed.2d 285 (1963). Habeas corpus cannot be invoked to challenge a conviction which resulted in a cash fine only. *Spring v. Caldwell*, 692 F.2d 994, 996 (5th Cir. 1982).

Like his petition, Mr. Seaton's objections do not indicate that he was in custody when he filed his petition. The Magistrate Judge noted that his petition does not state what punishment was imposed by the municipal court for this allegedly illegal "failure to vaccinate a dog" charge. (Doc. #8 at 2). Mr. Seaton's letter of appeal, which contains his objections, likewise gives no hint as to the punishment. As a general rule, a first time conviction for failure to vaccinate a dog is a Class C misdemeanor. *See, e.g.*, Tex. Health & Safety Code § 826.022. Class C misdemeanors carry only fines as punishment. Tex. Penal Code § 12.23. Based on the petition (Doc. #1), the appeal letter (Doc. #10), and relevant Texas statutes, it seems unlikely that Mr. Seaton was "in custody" as a result of his "failure to vaccinate" conviction at the time he filed his federal habeas corpus petition.

  b. Mr. Seaton Failed to Exhaust State Remedies

Nevertheless, because Mr. Seaton is appearing pro se, the court will, for the sake of argument, set aside the issue of jurisdiction and move on to the Magistrate Judge's recommendation – that the case be dismissed without prejudice for failure to exhaust State remedies. As noted above, Mr. Seaton objected to this part of the Report and Recommendation and the court will address each of those objections.

Federal courts will generally not consider claims in a 28 U.S.C. § 2254 habeas petition that have not been first presented to state court. 28 U.S.C. § 2254(b). Stated differently, the petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Although exhaustion is not a jurisdictional prerequisite, it is based on considerations of comity between the state and federal judicial systems. *Vela v. Estelle*, 708 F.2d 954 (5th Cir. 1983). A party exhausts his state remedies when he has fairly presented his claims to the highest state court with jurisdiction over his claims and provided it with the "opportunity to pass upon and correct alleged violations" of his rights. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).

Although Mr. Seaton has several grievances, he failed to show he exhausted state remedies for any of them. To begin, Mr. Seaton's reference to a "Plea Deal" involving this Class C misdemeanor is misplaced. In his Petition, which is on a form for pro se litigants, Mr. Seaton checked the box stating that his plea was "Not Guilty" and the box stating that the trial was "Jury." (Doc. #1, at 3). Mr. Seaton went on to complain that "the jury instructions were ignored by the jury and presumed the plaintiff guilty instead of innocent." (Doc. #1, at 6). Complaints about what the prosecutor did at trial, what rulings the trial judge made and what instructions he gave to the jury, or what verdict the jury returned are all issues that should have been raised on direct appeal.

In Texas, the initial direct appeal from a conviction for a Class C misdemeanor in municipal court is to the County Court at Law.[1] *See* Tex. Crim. Proc. Code Ann. art. 4.08 ("The county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts

---

[1] In Texas, the County Court is a unit of local government that serves legislative and administrative functions. Although the Texas Code of Criminal Procedure refers to "county courts" and not "county courts at law," in larger counties, such as Smith County in this case, County Courts at Law have been created to relieve the County Judge of almost all judicial duties originally assigned to that office, including appeals from a municipal court. *See* Tex. Gov't. Code Ann. § 25.2142.

have original jurisdiction"); Tex. Crim. Proc. Code Ann. art. 45.042(a) ("Appeals from a justice of municipal court . . . shall be heard by the county court except in cases where the county court has no jurisdiction, in which the counties such appeals shall be heard by the proper court."); Tex. Crim. Proc. Code Ann. art. 4.14(b)(1) (stating that municipal courts have original, concurrent jurisdiction over Class C misdemeanors). *See also, Kriegel v. Parmer Cty. Sheriff's Office*, No. 07-08-0391-CV, 2008 WL 4823028, at *1 (Tex. App. Oct. 31, 2008) (holding the proper court for appealing a class C misdemeanor is the county court and dismissing the attempted appeal because the court of appeals lacked jurisdiction). If the appeal had been properly taken to the County Court at Law, Mr. Seaton would have been entitled to a trial de novo. Tex. Crim. Proc. Code Ann. art. 45.042 ("[U]nless the appeal is taken from a municipal court of record and the appeal is based upon error reflected in the record, the trial shall be de novo."). An appeal from a Smith County Court at Law is considered by the Twelfth Court of Appeals. Tex. Gov't. Code Ann. § 22.201. Any appeal from that court is then considered by the Texas Court of Criminal Appeals, assuming that the fine exceeded $100.00. *See* Tex. Crim. Proc. Code Ann. art. 4.03; *Micheaux v. State*, No. 01-15-001680CR, 2016 WL 1162872, at *1 (Tex. App. Mar. 24, 2016).

Mr. Seaton's petition facially indicates that he failed to exhaust his state remedies. *See* Doc. # 1 at 3 (Mr. Seaton answering "Municipal and District" to the question, "did you file your direct appeal?"). An improper appeal to the wrong court is not exhaustion.

Recognizing that Mr. Seaton's answer to this question on the habeas petition form might merely have been a nomenclature error by Mr. Seaton, Magistrate Judge Love *sua sponte* conducted online searches of the records of the Tyler Court of Appeals and of the Texas Court of Criminal Appeals. Neither search indicated that Mr. Seaton had filed an appeal with either court, let alone that either court had ruled on his complaints. So neither Mr. Seaton's pleadings nor the records search by Judge Love show that Mr. Seaton has exhausted his remedies.

A search of the online records of the Smith County judiciary revealed that after filing his federal habeas petition, Mr. Seaton filed an appeal of his vaccination conviction in the Smith County Court at Law No. 1. *State of Texas v. Seaton*, city appeal, case no. 001-80908-17. That appeal is still pending—yet another indication that Mr. Seaton has not exhausted his State remedies.

Of course, this court is not resting its opinion on a *sua sponte* review of the records of State courts. These searches were made simply to determine whether Mr. Seaton had properly followed Texas appeal procedure but perhaps did not understand how to fill out the form for his Petition for Habeas Corpus.

Mr. Seaton does make the bald conclusory statement in his objections that "[t]here are no State Remedies available." (Doc. #10). That is an incorrect statement of Texas procedural law. And, it appears that he finally did file a direct appeal in the county court at law after filing his federal habeas petition, and that direct appeal is still pending.

In short, the Magistrate Judge correctly determined that Mr. Seaton failed to exhaust his state remedies prior to filing his habeas petition. To the extent that Mr. Seaton claims he has no state collateral-review remedies because he was not in confinement and thus could not seek state habeas corpus relief under Tex. Crim. Proc. Code Ann. art. 11.09, the Magistrate Judge properly concluded that Mr. Seaton's lack of confinement likewise bars him from obtaining federal habeas corpus relief. In any event, the pendency of his direct appeal would prevent him from seeking state habeas corpus relief until the direct appeal process is concluded. *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983). Mr. Seaton's objections are without merit.

**IV.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte. Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). This requires a demonstration that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000); *James v. Cain,* 50 F.3d 1327, 1330 (5th Cir. 1995).

Reasonable jurists would not find it debatable whether this court was correct in its ruling that Mr. Seaton has failed to show that he exhausted his state remedies. Alternatively, reasonable jurists would not find it debatable whether Mr. Seaton has failed to show that he was in custody or that Respondent had imposed a significant restriction of his liberty at the time he filed his petition. A court could not resolve either issue differently and neither question, as presented in this case, is adequate to deserve encouragement to proceed further. Mr. Seaton is not entitled to a certificate of appealability in this case.

**V.      Conclusion**

The Court has conducted a careful *de novo* review of the documents filed in this case, including Mr. Seaton's petition and his objections. The Court has determined that the Report of the Magistrate Judge is correct, that Mr. Seaton's objections are without merit and that Mr. Seaton has not shown that he has exhausted his State remedies. Alternatively, Mr. Seaton has failed to show that he was in custody at the time he filed his petition or that Respondent has imposed a significant restriction upon his liberty.

It is accordingly **ORDERED** that the Petitioner's objections are overruled.

It is further **ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Petitioner Hubert Seaton is **DENIED** a certificate of

appealability *sua sponte*. The denial of this certificate relates only to the present case and does not affect Mr. Seaton's right to challenge his conviction in the courts of the State of Texas, nor to refile his petition in federal court upon exhaustion of all available state remedies.

Finally, it is **ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
May 30, 2018

*[signature: Ron Clark]*

Ron Clark, United States District Judge